IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-532 |
| | ) | |
| v. | ) | Judge Cathy Bissoon (W.D. Pa.) |
| | ) | |
| 80,794 SQUARE FEET OF LAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

Pending before the Court is Plaintiff's Motion to Exclude All Valuation Evidence Premised on a Speculative Highest and Best Use as a High-rise Office Building, ("Motion," Doc. 74.) Defendant Reily Street Associates, Inc., the only remaining Defendant in the case, filed a Response Brief in Opposition, ("Response," Doc. 77), and Plaintiff filed a Reply Brief, ("Reply," Doc. 80). After consideration of all the relevant briefing, Plaintiff's Motion will be denied.

**A. BACKGROUND**

The only remaining issue in this case is determining just compensation to be paid by Plaintiff Government to Defendant Reily Street Associates for the property in question. (Brief in Support of Plaintiff's Motion to Exclude All Valuation Evidence Premised on a Speculative Highest and Best Use as a High-rise Office Building, hereinafter "Brief," Doc. 75, at 1; Response at 1.) Just compensation is the property's market value on the date of the taking, which reflects "the value of the highest and best use for which the property is adaptable in the reasonably near future from the vantage point of the date of taking." United States v. 68.94

Acres of Land, More or Less, Situate in Kent Cty., State of Del., 918 F.2d 389, 393 (3d Cir. 1990).

Plaintiff in this case requests to exclude Defendant's expert Walters's evidence regarding market value based on a highest and best use for commercial development of a 357,000-400,000 square foot office building because Defendant has not given market evidence of demand for such a building, nor demonstrated the financial feasibility of such a project. (Brief at 2-3.) As such, Plaintiff argues that Defendant has not established that construction of such a building is reasonably probable in the reasonably near future as of the date of the taking, and thus cannot be used to determine just compensation. (Id. at 15, 17-25.) In other words, Plaintiff argues that Walters's valuations based on such highest and best use are speculative and unreliable. (Id. at 3;17-25.)

Defendant argues that its proposed highest and best use is not speculative. Defendant argues that it should not be penalized for relying on "hypothetical development plans" for the 357,000-400,000 square foot office building as the property's highest and best use to measure the value of the property, given that any actual development would have been a "fruitless endeavor" as it was known that the property would be subject to a taking since 2010.[1] (Response at 2.) Defendant further argues that its expert should be excused for his failure to include a financial feasibility analysis because it did not have any development plans in place at the time of taking

---

[1] Defendant raises that the property has been under a "cloud of condemnation" for many years. (See, e.g., Response at 2.) It is unclear to the Court if Defendant is bringing up the "scope of the project rule" and requesting that the factfinder consider evidence that the government's project interfered with or influenced the value of the property. The Court reminds Defendant that the Court must first decide whether any change in value attributable to the project should be included or disregarded and if Defendant would like for such evidence to be considered, Defendant "must present sufficient evidence that the government's project had a market impact on the subject property." United States v. 1.604 Acres of Land, More or Less, Situate in City of Norfolk, Va., 844 F. Supp. 2d 668, 674-75 (E.D. Va. 2011).

for the expert to analyze.  (Id. at 21-22.)  Defendant also states that the market for this property for this use would be an institutional owner occupant ("institutional investors that are interested in constructing office space as an owner occupier"), and as such, market studies showing demand for new office space for tenants would not reflect the needs of its targeted market.  (Id. at 17.)

Plaintiff, in its Reply, reiterates that Defendant failed to provide credible evidence to show that constructing an office building is reasonably probable in the reasonably near future as of the date of the taking, and as such, valuation evidence related to such a plan should be excluded.  (See generally Reply.)

**B.  ANALYSIS**

Rule 702 of the Federal Rules of Evidence sets the standard for excluding expert evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702.

Rule 702 applies for both bench and jury trials, and the Court has discretion to conduct assessment of experts and their proposed testimony.  UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres, 949 F.3d 825, 832-33 (3d Cir. 2020).  Following the standard above, the Court must analyze an expert's qualifications, and his or her opinion's reliability and fit to determine its admittance.  Id.

Generally, the best and highest use is considered to be the use of the property at the date of taking.  U.S. ex rel. Tennessee Valley Auth. v. 1.72 Acres of Land In Tennessee, 821 F.3d

742, 753 (6th Cir. 2016) (internal citations omitted) ("The property's current use is presumed to be its highest and best use."). This is because "economic demands normally result in an owner's putting his land to the most advantageous use." United States v. Buhler, 305 F.2d 319, 328 (5th Cir. 1962). It is the landowner's burden to establish just compensation. U. S. ex rel. & for Use of Tennessee Valley Auth. v. Powelson, 319 U.S. 266, 274 (1943).

Possible future uses of the land may be considered in assessing the value of the land: "[t]he highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future is to be considered, not necessarily as the measure of value, but to the full extent that the prospect of demand for such use affects the market value while the property is privately held." Olson v. United States, 292 U.S. 246, 255 (1934) (internal citations omitted). This means possible future uses of the land can impact its value, if such uses are reasonably probable in the reasonably near future and not dependent on "events or combinations of occurrences which, while within the realm of possibility, are not fairly shown to be reasonably probable." Id. at 257.

Plaintiff would like to exclude Walters's valuation methods #1 and #2, which are each calculated based on a hypothetical office building plan. Under the standards of Rule 702, the Court finds, and neither party disputes, that Walters is a qualified appraiser. (Brief Ex. 1.) As to the facts or data relied upon, the principles and methods used, and the application of the principles and methods to the facts of the case, Walters visited the property, reviewed other property sales which he determined in his expert opinion to be comparable, relied upon an engineering plan and accompanying letter prepared for Defendant by Snyder, Secary & Associates, LLC, an engineering firm, in making his calculations, and made adjustments as he determined were necessary in his expert opinion. (Brief Ex. 1.) Comparable land sales are

accepted sources of evidence for determining fair market value.  <u>United States v. 275.81 Acres of Land, More or Less, Situated in Stonycreek Twp., Somerset Cty., Pennsylvania</u>, No. CIV.A. 09-233, 2014 WL 1248205, at *7 (W.D. Pa. Mar. 26, 2014), <u>amended sub nom.</u> <u>United States v. 275.81 Acres of Land</u>, No. CIV.A. 09-233, 2014 WL 2593888 (W.D. Pa. June 10, 2014) ("[E]vidence of comparable sales normally offers the best evidence of fair market value . . . ."); <u>see</u> <u>also</u> <u>Welch v. Tennessee Valley Auth.</u>, 108 F.2d 95, 101 (6th Cir. 1939) ("Sales at arms length of similar property are the best evidence of market value.").

      In order to determine the highest and best use, an appraiser must determine whether the use is (1) physically possible; (2) legally permissible; (3) financially feasible; and (4) maximally productive.  <u>United States v. 1.604 Acres of Land, More or Less, Situate in City of Norfolk, Va.</u>, 844 F. Supp. 2d 668, 679 (E.D. Va. 2011). (<u>See</u> <u>also</u> Brief at 8.)  Neither side has argued that the proposed plan would be physically impossible nor legally impermissible.  While it is true Walters did not provide a financial feasibility analysis or a robust analysis of demand for an office building as proposed by the hypothetical plan, Defendant has given plausible reasons for such alleged deficiencies.  It has indicated a financial feasibility analysis was not possible without an existing development plan and stated that its market would be very limited and difficult to measure.  (Response at 17, 21.)  Whether this is convincing is up to the factfinder—in this case the undersigned—and Defendant should be allowed to present this evidence, and the factfinder should be allowed an opportunity to consider it.  The Court need not and will not decide now whether the property's highest and best use is development of a 357,000-400,000 square foot office building.

      In simple terms, Plaintiff's arguments regarding Walters's supposed deficiencies in his analysis goes to the weight, and not the admissibility of the evidence.  Moreover, "[e]xpert

opinion testimony acquires special significance in an eminent domain proceeding where the sole issue is the value of condemned property.  United States v. 68.94 Acres of Land, More or Less, Situate in Kent Cty., State of Del., 918 F.2d 389, 393 (3d Cir. 1990).  The Court of Appeals for the Third Circuit warns trial courts to be cautious before eliminating expert assessments of value that may be helpful, "recognizing the critical role of expert witnesses in these cases and the strong interest on both sides that compensation be just."  Id.   Measures of market value at the date of the taking will often boil down to one side's expert opinions against another side's expert opinions.  Thus here, the Court finds that Walters's evidence regarding valuation methods #1 and #2 is admissible.

## II. ORDER

Plaintiff's Motion (Doc. 74) is DENIED.

IT IS SO ORDERED.


November 5, 2020                                                      s/Cathy Bissoon
                                                                                   Cathy Bissoon
                                                                                   United States District Judge


cc (via ECF email notification):

All Counsel of Record